CARMELO CESANÍ VARGAS, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, ROGELIO FERNÁNDEZ GARZOT, JUDGE, Respondent.

No. C-64-77. Decided April 12, 1965.

*Andrés Ruiz, Jr.,* for petitioner. *José Sabater* for plaintiffs in the main action.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On October 21, 1963, Úrsula Teillard Cristy *et al.* filed an action of accession in the Mayagüez Part of the Superior Court against Carmelo Cesaní Vargas.

Plaintiffs alleged that they are joint owners of an undivided lot situated on Cristy Street in the city of Mayagüez; that the said lot is occupied by defendant as lessee

with a house owned by him; that for the purpose of making the house their own, plaintiffs have caused the house to be assessed for materials and labor, which value appears to be $3,206.65; that plaintiffs are willing to deposit that sum of money and that any sum of money which defendant may owe the Insular Treasury for property tax may be deducted therefrom. The complaint ends by praying that judgment be rendered decreeing: (1) that plaintiffs are entitled to take for themselves defendant's house which is erected on the lot owned by the former; (2) that plaintiffs are willing to deposit in court the assessed value of the structure already mentioned, or such sum as the court may determine; (3) that once the judgment which may be rendered becomes final and unappealable and the value of the house is deposited by plaintiffs, defendant be ordered to vacate the house, and if he refuses to do so, that the marshal be ordered to eject him; (4) that the property tax which defendant may owe be deducted from the amount deposited; and (5) that defendant be ordered to pay the costs and attorney's fees.

Defendant was summoned on October 23, 1963, and several days later answered the complaint admitting certain facts and denying others. As special defenses he alleged that the action was not interposed in good faith, since the purpose sought by plaintiffs was to force him to pay a higher rent.

After several incidents defendant filed a motion to dismiss the complaint, alleging that accession did not lie because the lot was subject to a lease contract.

The trial court granted the motion on May 15, 1964, and granted 10 days to plaintiffs to amend their complaint. On the same day of May 15 plaintiffs filed within the action a memorandum whereby, and in order to prevent legal technicalities, they notified defendant, through his attorney, that they were terminating the verbal lease contract which expired each month. Three days later, namely, May 18, plaintiffs filed

an amended complaint alleging the same facts as in the original complaint, except that they also included an allegation to the effect that on May 15 they served notice on defendant that they were terminating the lease contract. The prayer of this amended complaint is the same as that of the original complaint.

Alleging that the amended complaint did not state facts constituting a cause of action, defendant moved for dismissal. This motion was denied and a term to answer was granted to defendant.

To review the proceedings we issued a writ of certiorari.

Petitioner maintains that the trial court erred (a) in granting a term to plaintiffs to amend the original complaint, (b) in considering valid the notice of the termination of the lease made by motion served on the attorney for defendant instead of on the latter personally, and (c) in holding that there was no implied renewal.

We shall examine jointly the errors assigned.

■■ The contract in this case is a verbal lease contract made for indefinite time. However, since the parties fixed a monthly rent, the lease is understood to be made from month to month. Section 1471 of the Civil Code (31 L.P.R.A. § 4092); *Rodríguez* v. *Bosch Hermanos*, 32 P.R.R. 554 (1923); *People* v. *Carrasquillo*, 58 P.R.R. 178 (1941); *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 403 (1953); *Toro* v. *Mojica*, 79 P.R.R. 593 (1956). "In every case—the same § 1471 provides—the lease ceases without the necessity of a special notice upon the expiration of the term." Therefore, where the lease is on a month-to-month basis, the lessor may terminate the same at the end of any month. *Roselló Hnos.* v. *Figueroa, supra; Toro* v. *Mojica, supra.* If upon expiration of the contract (in this case at the end of the month) the lessee continues enjoying the thing leased for 15 days, it shall be understood that there is an implied renewal for

234

the time mentioned in § 1456 of the Civil Code, unless notice has been given.

 The renewal is not in strict law an extension of the original contract because by express provision of law the lease ceases or terminates upon expiration of the term thereof without the necessity of special notice.[1] Hence, upon expiration of the term the original contract is extinguished. However, the renewal produces its recontracting. It is a new lease arising from the presumption of the implied consent of the contracting parties, founded on two basic facts: the continuance by the lessee for 15 days in the enjoyment of the thing leased, and the lessor's acquiescence. In order that there be no new lease, the lessor must signify his nonacquiescence in the lessee's continuance in the thing leased. That is why the notice required by § 1456 of the Civil Code is necessary. This notice, which must be served before the expiration of 15 days counted as of the date of expiration of the original contract, is a denial of the lessor's consent to renew the contract.

Let us examine next the facts of this case in order to determine whether the notice necessary to prevent the renewal of the contract by implied renewal was given.

 Defendant was summoned personally on October 23, 1963, and in addition to the summons a copy of the complaint of accession was delivered to him, in which, as we already know, plaintiffs exercised their right to take defendant's house for themselves, urging also his eviction. It is evident that as of that date plaintiffs refused to acquiesce in defendant's continuance in the enjoyment of the property at the end of October 1963, the expiration date of the contract on a month-to-month basis. The notice of the complaint on defendant destroys the presumption that defendant continued enjoying the property as of November 1, 1963, with the les-

---

[1] Sections 1455 and 1471 of the Civil Code (31 L.P.R.A. §§ 4062 and 4092).

sors' acquiescence. Therefore, since the latter's consent was lacking, a new lease contract could not arise to life. There was no implied renewal notwithstanding defendant continued in possession of the thing leased, since in order to prevent it the necessary notice was given. *Rodríguez* v. *Bosch Hnos.*, *supra*; Judgment of the Supreme Court of Spain of February 6, 1934.[2] Consequently, the notice terminating the lease served on defendant's attorney within the action of accession was unnecessary.

■ Defendant's challenge of the complaint, based on the fact that the lease contract had not expired, should not prosper. In this case the contract expired, and there is nothing to prevent plaintiffs from asserting their right of accession. *Toro* v. *Mojica*, 79 P.R.R. 593, 596 (1956).

However, both the original complaint and the amended complaint have a dual purpose: first, to acquire ownership title over the house; and, second, to acquire possession thereof by means of defendant's eviction.

■ Section 12 of the Reasonable Rents Act,[3] as amended by Act No. 67 of June 19, 1964 (Sess. Laws, p. 175), makes it compulsory for the lessor to extend the lease contract, and such extension is also applicable to lots leased and on which there stand buildings belonging to an owner other than that of the lot. Section 12A of the Act establishes exceptions to the compulsory extension of the lease contract, and empowers the lessor to refuse it in the cases therein enumerated.

The amended complaint does not allege any of the exceptions authorizing plaintiffs to refuse the extension and, consequently, to commence unlawful detainer proceedings.[4] Un-

---

[2] 212 *Revista General de Legislación y Jurisprudencia* 508.

[3] 17 L.P.R.A. § 192.

[4] Section 12H of the Rents Act prevents the evasion of the involuntary extension by the institution of actions that may finally bring about the tenant's ejectment, and among the actions mentioned is that of accession.

questionably this is so since, until such time as plaintiffs acquire ownership title over defendant's building, they cannot avail themselves of the exceptions established in § 12A for the purpose of ejecting defendant, a right which if they have, they may assert in an independent action.

This notwithstanding, plaintiffs may prosecute the present action solely for the purpose of claiming by accession dominion title over the house constructed on their lot.

Since the order of the trial court denying the motion to dismiss the amended complaint is not erroneous, the writ issued is quashed and the case remanded for further proceedings consistent with this opinion.